# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED RENTALS (NORTH AMERICA), INC., a Delaware Corp., <br><br> Plaintiff, <br><br> v. <br><br> AVCON CONSTRUCTORS, INC., a California Corp., d/b/a/ FRONTIER CONTRACTING, INC., et. al. <br><br> Defendants. | 1:12-cv-01656-AWI-GSA <br><br> **ORDER VACATING PRE-TRIAL HEARING AND ORDER TO SHOW CAUSE** |

This Court's order granting Defendants' unopposed motion to continue this case set trial for September 23, 2014, and set the pre-trial conference for July 24, 2014. See Doc. No. 63. Local Rule 281(a)(2) requires a joint pretrial statement to be filed within seven court days of the pre-trial conference. See id.; Local Rule 281. In the Scheduling Order issued by the Honorable Magistrate Judge Gary S. Austin, "the parties' attention [was] directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court [cautioned that it would] insist upon strict compliance with those rules." See Doc. 26 at 4. Pursuant to Local Rule 281(a)(2), the parties' joint pre-trial statement was due no later than July 17, 2014. Despite the Local Rules and Scheduling Order no pre-trial statements have been filed.

The failure to prosecute, obey a court order, or follow the Local Rules are all grounds for the Court to impose sanctions, including dismissal of a case. See Local Rule 110; Bautista v. Los Angeles Cnty, 216 F.3d 837, 841 (9th Cir. 2000); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

1995); In re Eisen, 31 F.3d 1447, 1456 (9th Cir. 1994); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss a case for failure to comply with a court order, local rules, or failure to prosecute, district courts must weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See id.

The parties have failed to obey the Court's scheduling order and the Local Rules.  Additionally, there has been no activity by Plaintiff in nearly a year, which further suggests a failure to prosecute.  Without a pre-trial statement, it is impractical to conduct a pre-trial conference, and without a pre-trial conference, a reasonable and efficient jury trial cannot be accomplished.  This case is now at a stand-still.  Given the parties' conduct, the Court has great concerns about the prosecution of this case.  The Court will vacate the July 24, 2014 pre-trial conference date, and order the parties to show cause in writing why sanctions, up to and including dismissal, should not be imposed for their failure to prosecute and their failure to file a pre-trial conference statement.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 24, 2014 pre-trial conference is VACATED;
2. The parties are to show cause in writing no later than 10:00 a.m. on July 25, 2014, why sanctions, up to and including dismissal of this case, should not be imposed for the failure to obey court orders, the failure to obey Local Rules, and the failure to prosecute; and
3. The parties are warned that the failure to timely respond to this order will result in the dismissal of this action without further notice.

IT IS SO ORDERED.

Dated:   July 22, 2014

SENIOR DISTRICT JUDGE